Mr. Ness. Thank you, Judge. My name is David Ness. I'm with the Federal Defenders, and I'm representing Mr. Charles Williams. Last week, shortly before argument, the Court asked us to ask the parties to be ready to discuss a more recent decision from this case, and that is the McCaleb case. And so I guess I would just like to spend the bulk of my time discussing that case and what I think the differences are between the McCaleb case and Mr. Williams' case. It was not a helpful development for you, McCaleb. Well, you know, I thought that, but as I look at the cases, I think that there are some fairly significant differences here. Go ahead. In our case, you know, in the McCaleb case, it's sort of stereotypical of what happens in these types of cases. That is where the jury was obviously confused over the verdict form, entered guilty verdicts on both the greater and lesser offenses. Here, of course, we have this kind of bizarre development where not only did the jury enter guilty verdicts on greater and lesser offenses, but actually wrote void across that portion of the verdict form dealing with the greater offense. The important thing, some of the important things that happened in Mr. Williams' case. What was the district court supposed to do at that point? Well. The logical thing is, well, tell us what you really meant. We can't understand the verdict, which is what Judge Haddon did. And that's what the judge in McCaleb did. The judge in McCaleb, you know, there's kind of the whole speech that he gave to the jury in the opinion, and he re-explained the procedure. He told the jury to go back and to deliberate and to come back with their decision. In Mr. Williams' case, what Judge Haddon did, and I think that this is a significant difference, is he didn't merely tell them to just go back and deliberate. He told them to go back and make a decision and come to a unanimous decision. And there are Supreme Court cases, and they were cited in the briefs, that talk about how when a judge affirmatively directs a jury to come to a decision, that that can be coercive. And what we have here is we don't know what. It's sort of an Allen charge, though. He just said come to a decision. I mean, you can't consider this to be a type of coercive Allen charge, can you? Well, I mean, he didn't jump on a juror and twist their arm or anything, but he did tell them that they. . . Judge Fletcher. . . Oh, I'm sorry. They could come out either way if you say go and make a decision. It could come out either way, but because we don't really know what was going on in the jury room, I mean, it could have very easily been that there could have been one or two holdouts on the greater offense, and that was why they decided to convict him of the lesser offense and write void across the greater offense. But then when the judge told the jurors to go back and not just deliberate, but to come to a decision and to come to a unanimous decision, that's where I think that the coercion came in. Well. . . Of course, there was no objection, right? There was no objection, no. You know, they could have gone back and said, well, we've got to be unanimous, and there are two of you that won't go for the greater, so we've all got to go for the lesser included. That could have been in their mix of thinking. That could have been in their mix of thinking, but that's not what a jury necessarily has to do. I mean, if there's one or two of them that are holdouts, then that's a mistrial. They shouldn't change their vote just simply to come to an agreement with what may be the majority. One way of reading what came in was that they all agreed on the lesser charge. I would agree with that, that they all agreed on the lesser charge. So the judge is quite right to say, go back. I want you to clarify what your thinking is. What is your decision? Go back, but remember, it's not inconsistent for a jury to – I mean, all of them necessarily would have, could have, or I should put it this way. Those who found Mr. Williams guilty of the greater charge necessarily would have almost had to agree that he was also guilty of the lesser charge, because they're the same thing. So it's certainly possible, probable, and that's exactly what happened, is that they all agreed on the lesser charge. The question is, did they agree on the greater charge? And they came back and said, yes, we did. But that was after the judge essentially told them not just to go back and deliberate, not just to go back and reconsider, but to come back with their, you know, with a unanimous decision. And if you have the one or two back there that are saying, I don't think that he intended to distribute this methamphetamine, I believe Mr. Williams' testimony, we believe that Mr. Williams was buying this for personal use. And they're back there and the other jurors are saying the judge says we have to come up with a unanimous decision here. I think that that's where the potential coercion comes in. So here's a sentence that you're – I guess you're relying on. And you conduct such deliberations as you deem appropriate to reach a unanimous verdict on the issues that you deem appropriate to answer based on your evaluation of the evidence? That's the primary sentence, yes. Together with, I think, the rest of what he's saying there. The other thing, too, I think to keep in mind is when the jury first came in, now this would have been, I assume, it appears that way from the record, before Judge Haddon saw the verdict form. But he asked the jury the two questions. Is this your unanimous verdict? And the record shows that the jury said that, yes, it is. And he says, is this the verdict rendered by all 12 members of the jury? And, again, they said, yes, it is. Now that verdict form that was given had the void written across the front on the greater charge. And so I think the inference there is that there was a unanimous verdict on the lesser charge, but there wasn't a unanimous verdict on the greater charge. And that's exactly why they wrote void. I know you weren't the trial counsel, but if you're sitting in trial counsel's shoes, you say, well, what's the harm of letting them go back? I think they're going to come back for the lesser included charge. If we adopt your argument, then it's basically allowing a sandbagging. No objection made at the time. You preserve the issue for appeal, and you win either way, right? I mean, that's the net result if you prevail on this argument. Certainly the court's fears. That's articulated in a number of the opinions. I think in defense counsel's behalf, though, this was a fairly strange development. I think everybody was sitting there kind of scratching their heads. But I guess the question is that Mr. Williams is entitled to a unanimous verdict by an unbiased jury, and a jury that has not been coerced. And I think that there are questions here on whether or not this jury was, in fact, coerced and whether or not there was true unanimity on this greater charge. Do you want to reserve some time? Thank you. Yes. Ms. French. Thank you, Your Honor. May it please the Court. Rebecca French, appearing for the United States in this case. And I guess I would just like to start at the point where I agree with defense counsel, because I think that's always a good place to start. I believe that the defendant in this case was entitled to a unanimous verdict by a jury that was not coerced, and I think that's exactly what he got in this case. My one point of disagreement with defense counsel, and it's possible that I just missed this, but Mr. Ness said that there were cases in the brief cited on this issue of coercion, and I didn't see those cases. I didn't see that actually as an argument made by the defense counsel in the appellate brief. But certainly I'm happy to address that argument. I was also happy to see the decision, the recent decision by the Ninth Circuit in McCaleb, and I have to admit that my first reaction was, well, that disposes of the first issue. I don't need to worry about it. But on closer look, once again, I find myself in agreement with Mr. Ness. There is an important difference between what happened in McCaleb and what happened here, in that while the verdict in McCaleb was arguably ambiguous, in this case I think there's no question that this was an ambiguous verdict in the sense that there was the word void written across the front. And I think that it is to Judge Haddon's credit, and I also was not actually present. What's ambiguous about void? Well, and I'll give that to you in the words of the judge. He said, well, members of the jury, I must ask you some questions in light of this form of the verdict. You have written the word void across the front page of the document, and I am unclear as to whether that is intended to apply to the entire verdict or whether that is intended to apply to the first page only. And then he first says, I am inclined to take a particular course of action here. But he's already asked them if they're unanimous in their verdict, and they say yes, and so they couldn't have, obviously they weren't intending a void for the whole. I mean, the most reasonable interpretation of it is that number one was not guilty. Well, that is perhaps what this court thinks. It wasn't apparently what Judge Haddon thought. And it's interesting because, as often happens, I find between the time I briefed this case and the time I came here, I went back and looked at all of the cases, and I actually think of the cases I cited in this brief, the case that may be most clearly on point is United States v. Nelson. And that was a case where there was apparently an unanimous verdict. It involved 13 counts, charging someone with bank fraud. But during the polling of the jurors, one of the jurors said, you know, I can't say that that guilty verdict on counts one through three is right. And the judge in that case simply accepted the guilty verdict, I believe, on all counts. The United States conceded in that case that probably there wasn't intended to be a guilty verdict on counts one through three, but asked the court to say, but there was no disagreement about counts four through 13. And in that case, the court, looking specifically at Rule 31 and what the court is to do when faced with this ambiguity, said the court has two choices. You can return the case for further deliberation by the jury, or you can simply discharge the jury. And I think that those were the choices that Judge Haddon was faced with in this case. It was not error for him, much less plain error, to do exactly what he did, which was allow the jury to go back. It may interrupt you just for a second. I have a sort of procedural question, because I know we've discussed the fact there wasn't an objection, but in all fairness, it doesn't look like Judge Haddon gave the defendant or the prosecution any time to object. He just said, this is the way we're going to do it, and then sent the jury back, right? I mean, normally, I shouldn't say normally, but most judges would say, let's discharge the jury, here's the verdict, counsel, here's what I'm going to do, do you have any objections, and then make the record. He just went ahead and discharged the jury with instructions and then asked the counsel if he had any problems with that. I mean, in all fairness, I think that's pretty tough to say that they objected to the procedure after it occurred, or fault him for objecting to the procedure after it occurred. This goes to the standard overview. Well, and I think that he did give both counsel the opportunity to object at that point. You're right, it was. So what would be the point of the objection at that? Well, to preserve the issue for appeal, quite frankly. And they didn't even know what, in fact, he wasn't even sure whether the verdict form included the lesser included, the new verdict form. I think it was actually Mr. Hoseley, and once again, I think that's to his credit that he wanted to make sure that he did, Your Honor. So I guess I don't have any fault with what the district court did in this case or what really either counsel did in this case, certainly. And I don't think that there were no questions for previous counsel on the second issue, which is the sufficiency of the evidence. So I won't address that unless the court has any questions. Thank you. Thank you, counsel. Mr. Ness, rebuttal? You have a minute, 18. Just very briefly, I think I misspoke when I was talking about the cases dealing with coercion. I was referring to Jenkins v. United States, and that's not cited in the party's briefs, that's cited in McCabe. And that's where they talk about the potential coercion. The more general type of coercion, I assume. Yes, that's correct. Thank you. But other than that, unless there's any questions, I have nothing further. Okay. Thank you both for your arguments. The case just heard will be submitted. The next case on the oral argument calendar is United States v. Anthony.
judges: Fletcher B. , Tashima, Thomas